USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/19/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOEL RUBEL, etc.,

            Plaintiff,

–against–              17-cv-1545 (LAK)

AMTRUST FINANCIAL SERVICES, INC., et al.,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN SACHETTI, etc.,

            Plaintiff,

–against–              17-cv-2001 (LAK)

AMTRUST FINANCIAL SERVICES, INC., et al.,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SHARON ALBANO, etc.,

            Plaintiff,

–against–              17-cv-3154 (LAK)

AMTRUST FINANCIAL SERVICES, INC., et al.,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER WITH RESPECT TO LEAD
## PLAINTIFF AND LEAD COUNSEL MOTIONS

LEWIS A. KAPLAN, *District Judge.*

        These are purported class actions seeking damages against Amtrust Financial Services, Inc. ("Amtrust") and related defendants. The matter is before the Court on competing

2

motions for the appointment of a lead plaintiff or plaintiffs, approval of that plaintiff's or plaintiffs' choice of counsel, and consolidation of the actions.

    1.    The motion of New England Carpenters Guaranteed Annuity and Pension Funds ("New England Carpenters Funds") [DI 20] is granted in all respects. As the other movants all seek consolidation, their motions [DI 10, 16, 23 and 26] are granted to the extent they seek consolidation but denied in all other respects. The Court makes the following comments with respect to positions taken by various of the litigants:

    (a)    The Court considers the aggregation of the financial interests in this litigation of the two New England Carpenters Funds to be appropriate on the facts of this case. They are closely related entities with identical interests in these cases that are represented by a single law firm. Disaggregation, the effect of which would be to give the presumptive edge to another plaintiff with a far smaller financial interest, in my judgment, would be in serious tension with an important objective of the Private Securities Litigation Reform Act.

    (b)    The belated contention by the self-styled Amtrust Investor Group that it should be appointed a co-lead plaintiff because it alone among the contestants would represent preferred as distinct from common shareholders is unpersuasive.[1] As the New England Carpenters Funds point out, "the possibility of any conflict [between the interests of preferred and common shareholders] is entirely speculative and remote." DI 42, at 6. In any case, the Court has ample means at its disposal for handling any such conflict should it threaten the interests of either group as the litigation unfolds.

    (c)    Plaintiff Albano's argument that she should be appointed a co-lead

---

[1] It did not make the argument in its moving papers.

3

plaintiff because she, alone among the plaintiffs in these cases, has standing to sue under the Securities Act of 1933 also is unpersuasive, substantially for the reasons set out in New England Carpenters Funds' reply memorandum. DI 42, at 10.

2. No. 17-1545 shall serve as the master docket for the consolidated cases.

3. The caption for the consolidated cases shall be:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x
In re

AMTRUST FINANCIAL SERVICES, INC.
SECURITIES LITIGATION                              17-cv-1545 (LAK)

This document applies to:

-------------------------------------------x
```

Following the phrase "This document applies to:" shall appear "All Cases" where the paper in question is applicable to all of the consolidated cases or, where it applies to less than all, the docket number or numbers of the specific cases to which it applies. Counsel shall "spread" docket entries on CM/ECF as contemplated by this paragraph.

SO ORDERED.

Dated:   June 19, 2017

_____
Lewis A. Kaplan
United States District Judge